DECISION AND JUDGMENT ENTRY
{¶ 1} This matter is before the court on the judgment of the Lucas County Court of Common Pleas wherein, on January 29, 2007, appellant, Johnny R. Willett, Jr., pled guilty to domestic violence, in violation of R.C. 2919.25(A) and (D)(3), a felony of the fourth degree, and was sentenced, on February 15, 2007, to 14 months in prison. Appellant filed a timely notice of appeal.
 {¶ 2} At the time of the plea, on January 29, 2007, appellant indicated that he was on probation for a domestic violence conviction, from June 2, 2005, through the Toledo *Page 2 
Municipal Court. Appellant also indicated that he served all but about 30 days of his municipal court sentence. The trial court thoroughly informed appellant of his potential sentence in this case, including the fact that he could be sentenced to serve six to 18 months, and fined up to $5,000. The trial court also went through each of appellant's constitutional rights that he would waive by entering a guilty plea. Appellant made a statement to the court that, on December 16, 2006, he entered the victim's residence with his key, went up to the victim's bedroom, and hit her several times, causing her physical harm. Appellant and the victim have a child together. The matter was referred to the Lucas County Adult Probation Department for a presentence report and continued for sentencing to February 15, 2007.
 {¶ 3} At sentencing, the victim made a statement regarding the incident. She stated that she was attacked in her home while sleeping, had to go to the emergency room for treatment, missed approximately 15 days of works because of the incident, for which she was not paid, and stated that she feared for her personal safety and her life, and desired that appellant receive the maximum sentence permitted. The victim also stated that appellant had never hit her before, but that there had been prior incidents of threats.
 {¶ 4} In entering appellant's sentence, the trial court noted that appellant "has been involved in our system of justice for over 30 years," with four misdemeanor adjudications as a juvenile and ten misdemeanor convictions as an adult, including multiple convictions for DUI and domestic violence. The trial court additionally noted that appellant had multiple opportunities, through prior court interventions, to undergo *Page 3 
treatment for his alcohol abuse, but had been unsuccessful. Regarding the instant offense, the trial court noted the brazen manner in which appellant entered the victim's home, despite her home security system alarm sounding. The trial court also noted the victim's statement to the police that, on the same day as the incident, she received a message from appellant threatening her life. After considering the principles and purposes of sentencing pursuant to R.C. 2929.11, and having balanced the seriousness and recidivism factors of R.C. 2929.12, the trial court found that appellant was not amenable to community control and ordered him to serve a term of 14 months in prison, and pay costs.[1]
 {¶ 5} Appellant's counsel has submitted a request to withdraw pursuant to Anders v. California (1967), 386 U.S. 738. Anders and State v.Duncan (1978), 57 Ohio App.2d 93, set forth the procedure to be followed by appointed counsel who desires to withdraw for want of a meritorious, appealable issue. In Anders, the United States Supreme Court held that if counsel, after a conscientious examination of the case, determines it to be wholly frivolous he should so advise the court and request permission to withdraw. Id. at 744. This request, however, must be accompanied by a brief identifying anything in the record that could arguably support the appeal. Id. Counsel must also furnish his client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters that he chooses. Id. Once these requirements have been satisfied, the appellate court must then conduct a full examination of the proceedings held below to *Page 4 
determine if the appeal is indeed frivolous. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. Id.
 {¶ 6} In this case, appointed counsel for appellant has satisfied the requirements set forth in Anders, supra. Although notified, appellant never raised any matters for our consideration. In support of his request, counsel for appellant states that, after a conscientious examination of the transcript and record of proceedings in the trial court, and after researching case law and statutes relating to potential issues, he was unable to find any meritorious grounds for appeal. Counsel for appellant does, however, set forth the following potential issues:
 {¶ 7} 1. "Appellant was sentenced pursuant to an unconstitutional statute (ORC § 2929.14) and the Judge's findings during sentencing deprived appellant of his rights to fundamental fairness with respect to prosecution and sentencing, thus violating his Sixth Amendment rights."
 {¶ 8} 2. "The trial judge committed an abuse of discretion in sentencing the appellant to a term of incarceration in excess of the minimum set by statute."
 {¶ 9} With respect to appellant's counsel's first potential issue, counsel suggests that because appellant's sentence was entered after the Ohio Supreme Court's ruling in State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, the trial court was not required to make judicial findings prior to imposing a sentence greater than the minimum permitted, *Page 5 
in this case six months. Nevertheless, counsel noted that the trial court referred to appellant's prior domestic violence conviction when sentencing appellant to greater than the minimum in this case and, therefore, "covered its bases." However, counsel states that despite the mandate in Foster that findings are no longer necessary, the trial judge still used unsubstantiated findings to craft appellant's sentence, such as, the victim's unsworn statement to the police that appellant threatened her life after the incident occurred. Counsel suggests that there should at least "be a standard that the facts be credible or trustworthy." Counsel puts forth in his second potential issue that the trial court abused its discretion in sentencing appellant to more than the minimum when appellant's record only consisted of misdemeanor convictions, which mostly involved alcohol, and because appellant had never before hit the victim, only verbally threatened her.
 {¶ 10} An appellate court reviews felony sentences for an abuse of discretion. Foster, 2006-Ohio-856, ¶ 100. An abuse of discretion signifies that a court committed more than a mere error of law or an error in judgment; it implies an arbitrary, unreasonable, unconscionable attitude on the part of the trial court in reaching its decision.State v. Adams (1980), 62 Ohio St.2d 151, 157.
 {¶ 11} Appellant is correct that the trial court is not required to make judicial findings. Nonetheless, R.C. 2929.11 and 2929.12, which require consideration of the purposes and principles of felony sentencing and the seriousness and recidivism factors, must still be considered by trial courts in sentencing offenders. State v.Mathis, *Page 6 109 Ohio St.3d 54, 2006-Ohio-855, ¶ 38. R.C. 2929.11(A) provides that when a trial court sentences an offender for a felony conviction it must be guided by the "overriding purposes of felony sentencing." Those purposes are "to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.11(B) states that a felony sentence "must be reasonably calculated to achieve the purposes set forth under R.C. 2929.11(A), commensurate with and not demeaning to the seriousness of the crime and its impact on the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." Finally, R.C. 2929 .12 sets forth factors concerning the seriousness of the offense and recidivism factors.
 {¶ 12} In this case, the trial court thoroughly considered appellant's prior record, the brazen nature of the present crime, the harm to the victim, including threats of violence, and the habitual abuse of alcohol and/or illicit drugs throughout appellant's life that was often the basis for appellant's convictions. We find that appellant was not sentenced pursuant to any unconstitutional statute, that the trial court did not make unconstitutional findings, and that appellant's sentence was not an abuse of the trial court's discretion under the facts and circumstances in this case. Accordingly, we find that counsel for appellant correctly determined that there was no meritorious appealable issue present in this case.
 {¶ 13} Additionally, upon our own independent review of the record, we find no other grounds for a meritorious appeal. This appeal is, therefore, found to be without merit and is wholly frivolous. Appellant's counsel's motion to withdraw is found well-taken *Page 7 
and is hereby granted. The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., Arlene Singer, J., William J. Skow, J., CONCUR.
[1] The judgment entry of sentencing was journalized on February 16, 2007. *Page 1